**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

TIMOTHY SPRAGGINS, SR. Civil No. 01-457 (MJD/JGL)

Plaintiff,

v. **ORDER**

HENNEPIN COUNTY MEDICAL CENTER,

Defendant.

Plaintiff has filed a complaint in which he appears to be alleging that Defendant discriminated against him on the basis of his race during the course of his employment. (Docket No. 1.) The matter is presently before the Court on Plaintiff's "Application to Proceed Without Prepayment of Fees" (Docket No. 2), in which Plaintiff seeks leave to proceed in this matter in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915(a).

Plaintiff's IFP application shows that he is employed, but it does not clearly indicate the amount of his current income. The IFP application also shows that Plaintiff owns some real estate, but it does not disclose the value of his equity interest in the property. Because Plaintiff has not properly completed his IFP application form, it cannot be determined whether he is truly unable to pay the statutory filing fee and other costs. Plaintiff's IFP application will therefore be denied.

The Court recognizes, however, that Plaintiff may indeed qualify for IFP status, and he will therefore be given an opportunity to submit a new IFP application form. Plaintiff must fill out the new form accurately and completely, and file it with the Court as

FILED MAR 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

an "Amended IFP Application." The Court will then determine whether Plaintiff is eligible for IFP status based on the information appearing in the Amended IFP Application form. The Court will also then consider whether Plaintiff's complaint states a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2).[1] In the alternative, of course, Plaintiff may pay the regular $150 filing fee.[2]

If Plaintiff does not pay the regular filing fee or file an Amended IFP Application by April 6, 2001, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's IFP Application (Docket No. 2) is **DENIED WITHOUT**

---

[1] Even if Plaintiff does file an Amended IFP application showing that he is indeed indigent, his current complaint probably will be dismissed because it fails to state an actionable claim. The complaint is deficient, because it does not adequately describe the facts on which Plaintiff's claim for relief is based. His complaint says that the underlying facts are described in a "copy of the charge to the Equal Employment Opportunity Commission" that supposedly is "attached to th[e] complaint." (Complaint, ¶ 12.) In fact, however, no such "charge" is attached to the complaint. Thus, there is no statement of facts. Plaintiff should try to cure this obvious defect in his pleading, by filing an amended complaint, before attempting to proceed any further in this action. See Fed. R. Civ. P. 15(a).

[2] Although Plaintiff has not completed the section of the IFP application form that requires him to state his current income, (section 2.a), a different section of the application form, (section 1), suggests he may be earning $2240 per month at the present time. If that is so, then Plaintiff probably should not bother to file an Amended IFP Application, because it is highly unlikely that the Court would find him to be financially eligible for IFP status. If he is actually earning $2240 per month (or anything close to that amount), he should plan to pay the full $150 filing fee if he wishes to continue to pursue this case.

**PREJUDICE**; and

2. Plaintiff shall pay the regular $150 filing fee or file an Amended IFP Application, on or before April 6, 2001, failing which it will be recommended that the action be dismissed without prejudice.

Dated: March 16, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge