**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

TIMOTHY SPRAGGINS, SR.

Plaintiff,

v.

HENNEPIN COUNTY MEDICAL CENTER,

Defendant.

Civil No. 01-457 (PAM/JGL)

**ORDER**

This matter is before the Court for the purpose of determining whether Plaintiff should be allowed to proceed in forma pauperis, ("IFP"). In a previous order, the Court declined to grant IFP status to Plaintiff, because he had not adequately demonstrated that he was indigent. (See Order dated March 16, 2001; [Docket No. 4].) Plaintiff was directed to file an amended IFP application, or else pay the normal $150 filing fee, (see 28 U.S.C. § 1914(a)), by no later than April 6, 2001.

On March 27, 2001, Plaintiff paid the full $150 filing fee for this action. (Docket No. 5.) His IFP application will therefore be denied as moot. The Clerk of Court will be directed to issue a summons, and Plaintiff will then have to make his own arrangements to serve the summons and a copy of the complaint on Defendant, as required by Fed. R. Civ. P. 4.

Also before the Court at this time is Plaintiff's motion for appointment of counsel. (Docket No. 3.) Plaintiff has no legal or constitutional right to appointment of counsel in a civil action such as this one. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in civil cases is left to the discretion of the trial

APR 03 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

court. Id. When the factual and legal issues do not appear to be particularly complex, counsel need not be appointed. Id. In this case, the Court finds that Plaintiff has not shown good grounds for an appointment of counsel. He has not alleged sufficient facts in his complaint to show that he has any claim warranting assistance of counsel. Therefore, the motion for appointment of counsel will be denied at this time.[1]

Based upon the above, and upon all the records and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiff's IFP Application, (Docket No. 2), is **DENIED AS MOOT**;

2. The Clerk of Court is directed to issue a summons to Plaintiff, and Plaintiff will be required to make his own arrangements for service of process pursuant to Fed. R. Civ. P. 4; and

3. Plaintiff's motion for appointment of counsel, (Docket No. 3), is **DENIED**.

Dated: April 3, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

---

[1] If this action proceeds to trial, Plaintiff may renew his request for appointed counsel.